UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID GRAHAM,

    Plaintiff,

v.                                                            Case No. 3:19cv3711-RV-HTC

ASSISTANT WARDEN M.M. NEAL,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, David Graham, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The Court reviewed the initial complaint and issued an order identifying several deficiencies and giving Plaintiff the opportunity to file an amended complaint. ECF Doc. 9.

Plaintiff filed an amended complaint on February 2, 2020, ECF Doc. 12, which is now before the Court. In Plaintiff's amended complaint he seeks only punitive damages for the named defendants' alleged violation of his Fourteenth

Amendment right to equal protection of the law arising out of the manner in which they dealt with his grievances. Upon review of the amended complaint, the undersigned finds that it fails to state a claim for relief. Also, Graham was ordered to pay a partial initial filing fee of $5.08 by November 27, 2019 but has failed to do so or otherwise respond to this Court's show cause order (ECF Doc. 6).

## I.   BACKGROUND

Graham is an inmate of the Florida Department of Corrections currently incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI"). Graham files this action against three defendants: Assistant Warden M. Neal, Assistant Warden S. Santiago, and Officer P. Rodriguez. The following facts are taken from Plaintiff's Amended Complaint, ECF Doc. 12, and are accepted as true only for purposes of this Report and Recommendation.

On June 17, 2019, Graham sent prison officials at Santa Rosa CI a formal grievance about a "serious issue," but prison officials threw the grievance away. On August 27, 2019, Graham filed two (2) informal grievances to prison officials at Santa Rosa CI about "an assault he witnessed by high ranking officials on an inmate." ECF Doc. 12 at 5. These grievances were also thrown away. *Id.*

He filed two (2) more informal grievances against two (2) "correctional officers who he witnessed abusing their authority." *Id.* These grievances were also thrown away. On September 20, 2019, Graham filed an informal grievance "about

the disappearance of the above mentioned grievances and prison officials responded to the grievance as a request." *Id.* October 3, 2019, Graham filed another grievance "about a different grievance being thrown away." *Id.* The October 3 grievance was also treated as a request, "to discourage him from filing grievances." ECF Doc. 12 at 5.

Nowhere in Graham's amended complaint does he identify the officials who threw his grievances away. Nonetheless, Graham claims that officials initially threw his grievances away or refused to answer them, but when that did not work, they answered them as requests. Graham also alleges that prison officials failed to return his grievances in a reasonable manner "thus allowing the time frames for Plaintiff to file additional grievances on an issue to elapse." *Id.* at 6. He alleges officials did not attempt to review video and audio evidence and failed to "properly or thoroughly investigate" claims that his grievances were disappearing. *Id.*

He, thus, claims that "prison officials were treating the plaintiff differently than other prisoners because he was attempting to expose prison officials physical abuse of inmates and correctional officers' abuse of authority within the prison." *Id.* Plaintiff states that he is "similarly situated with other prisoners who received more favorable treatment than him." ECF Doc. 12 at 7. He further alleges that prison officials are trying to "block his attempts at filing grievances" i.e., that they are keeping him from exhausting his remedies to keep him from filing an action in court.

Case No. 3:19cv3711-RV-HTC

*Id.* Graham alleges, however, that he has exhausted his administrative remedies because he "has a long, documented history of filing grievances on the claims brought forth in this complaint, including informal and formal grievances and a grievance to the office of the Secretary of the Department of Corrections." *Id.*

As to the named defendants, Plaintiff states that the situation was brought to the attention of Assistant Wardens Neal and Santiago, but they refused to do anything about it, even though "there was clear evidence of discrimination." ECF Doc. 12 at 7. He sues Officer Rodriguez because "he or she is and was the representative of the warden's office who responded to all the plaintiff's grievances for the assistant warden and warden." *Id.*

In his Statement of Claims, he states, "Equal protection clause under the Fourteenth Amendment of the U.S. Constitution. The Plaintiff was subjected to discrimination." *Id.* at 8. In his Relief Requested, he states, "Punitive Damages. Plaintiff suffered mental and emotional distress, including anxiety and depression." *Id.*

## II.     ANALYSIS

### A.     Standards For Screening Under 28 U.S.C. § 1915(E)(2).

Because Plaintiff is a prisoner and proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or

fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Additionally, in screening Plaintiff's amended complaint, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

  **B.  Prisoners Do Not Have A Protected Interest In Prison Grievance Procedures**

  As set forth above, the crux of Plaintiff's complaint is that prison officials failed to respond to his grievances or otherwise investigate his complaints. However, as Plaintiff was advised when he was allowed to amend his complaint, prisoners do not have a constitutionally protected interest in a prison's grievance procedures. *See e.g., Bingham v. Thomas,* 654 F.3d 11171, 1177 (11th Cir. 2011) (prisoners have no constitutionally protected liberty interest in having access to prison grievance procedures); *Allen v. Fla. Dep't of Corr.*, 578 F. App'x 836, 839 (11th Cir. 2014) (holding that allegations that a prison mishandled grievance procedures failed to state a due process violation because prisoners have no

constitutionally protected liberty interest in access to prison grievance procedures); *Moore v. McLaughlin*, 569 F. App'x 656, 659 (11th Cir. 2014) (holding that a prisoner had no constitutionally protected liberty interest in access to prison's grievance procedure); *Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013) (allegations that prison grievances were either ignored or wrongly decided, or that prison officials did not properly follow grievances procedures, failed to state a constitutional violation).

    Since Graham does not have a protected constitutional interest in the grievance procedure, Graham cannot state a claim under 42 U.S.C. § 1983. *See Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam) (to establish a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) a violation of a federal law or Constitutional provision; and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors). This is the case, even assuming that the named Defendants failed to respond to the grievances or did so improperly. *See e.g., Cranford v. Hammock*, No. 1:09-cv-00070-MP-AK, 2010 WL 916031, at *2 (N.D. Fla. Mar. 11, 2010) (dismissing prisoner's claim premised on prison official's failure to investigate and correct the allegations raised in prisoner's grievances because § 1983 liability "cannot be predicated upon a claim that the defendant failed to investigate a grievance or respond in a particular manner . . . or failed to process them effectively

. . . or failed to process them timely"); *Holmes v. McLaughlin*, No. 5:10-CV-355(CAR), 2010 WL 5559268, at *2 (M.D. Ga. Oct. 14, 2010), *adopted*, 2011 WL 65757 (Jan. 10, 2011) (inmate's claim that warden's failure to respond to his formal grievance within thirty days did not amount to a constitutional violation). Additionally, because Graham has no protected constitutional interest in the grievance procedure, allowing Graham to amend his complaint would be futile.

    **C.**    **Graham Does Not State An Equal Protection Claim**

Graham also cannot allege an equal protection claim on the basis that the Defendants handled his grievance differently from those of other prisoners. This is so because Plaintiff has not alleged any facts to show that he falls within a protected class or that he was treated differently because of his protected status. *Jones v. Ray,* 279 F.3d 944, 946–947 (11th Cir. 2001) ("To establish an equal protection claim, a prisoner must establish that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race."). To the contrary, he alleges that the motivating reason for his grievances being ignored was because the institution wanted to discourage him from complaining about their actions.

Alternatively, even if Graham is attempting to plead that he is in a class of one, his claim fails. *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006) (the Equal Protection Clause is implicated in "class of one" claims). A "class

of one" equal protection claim does not allege discrimination against a protected class but alleges the plaintiff "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The same strict "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination. *Id.* at 1204–05.

Graham, however, cannot meet the strict "similarly situated" standard. Although Graham states in conclusory fashion that he is "similarly situated" as other prisoners, he has not provided any facts from which the Court can reasonably infer the existence of such an allegation. *See, e.g., Alvarez v. Sec'y, Fla. Dep't of Corr.*, 646 F. App'x 858, 863-64 (11th Cir. 2016) (affirming dismissal of equal protection claims where plaintiff failed to "identify sufficient facts about a comparator to determine whether the comparator is similarly situated"); *Williams v. Sec'y for Dep't of Corr.*, 131 Fed.Appx. 682, 687 (11th Cir. 2005) (affirming dismissal of equal protection claims where plaintiff "failed to allege facts showing that any other specific inmate" had been treated differently than plaintiff).

Accordingly, Graham does not have a claim for violation of equal protection under the Fourteenth Amendment.

### D. Graham Is Not Entitled To Punitive Damages

As stated above, Graham's sole request for relief is for "punitive damages" for "mental and emotional distress." ECF Doc. 12 at 8. Plaintiff, however, has suffered no physical injuries and thus is barred from any monetary recovery.

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), places substantial restrictions on the judicial relief that prisoners can seek, with the goal of "reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)). Section 1997e(e) of the PLRA provides that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The statute does not define "physical injury," but the Eleventh Circuit has clarified that, "in order to satisfy section 1997e(e), the physical injury must be more than *de minimis*, but need not be significant." *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir.1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir.1999), *opinion reinstated in relevant part*, 216 F.3d 970, 972 (11th Cir. 2000). Thus, compensatory and punitive damages are precluded in the absence of a

more than *de minimis* physical injury, although nominal damages may still be recoverable. *Al-Amin*, 637 F.3d at 1198.

In this case, Graham does not allege a prior physical injury, much less one that is more than *de minimis*. Therefore, his claim for punitive damages is barred by § 1997e(e). Since he does not seek nominal damages or "any damages the Court finds appropriate," his amended complaint fails to state a claim for any relief that can be granted.

### III.   FAILURE TO COMPLY WITH THE COURT'S ORDER

Graham's failure to pay the initial filing fee or respond to this Court's December 19, 2019 show cause order (even after his time for responding was extended) is an additional ground for dismissal. The PLRA was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)).

Local Rule 41.1 for the Northern District of Florida provides that the court may dismiss a claim if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1. But, before a court may dismiss an action for failure to pay the filing fee, the court must first afford the plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014).

The Court granted Graham leave to proceed *in forma pauperis* but ordered him to pay a $5.08 partial initial filing fee. ECF Doc. 5. When he did not timely do so, he was allowed to show cause, ECF Docs. 6 and 7, and granted two extensions of time, ECF Docs. 8 and 11, but has still not paid the fee. He has also not sought any additional time or otherwise responded to the show cause order since the last extension was granted. Graham has not advised the Court of his inability to pay the filing fee, requested that the fee be recalculated, or otherwise explained his noncompliance. It appears that he has simply ignored the Court's prior order.

The undersigned warned Plaintiff in the orders at ECF Docs. 5, 6 and 8 that the failure to comply with the Court's orders could result in dismissal of this action. If a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis* nor offers an explanation for his failure to do so, the district court can dismiss the case for want of prosecution. *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

## IV. CONCLUSION

Because Plaintiff is proceeding *pro se*, he was given an opportunity to amend his complaint prior to dismissal. ECF Doc. 9. However, the undersigned simply does not believe that, even with a more carefully drafted complaint, Graham could state a claim. Thus, the undersigned finds that an additional opportunity to amend would be futile. *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) ("district court need not grant leave to amend . . . where a more carefully drafted complaint could not state a claim and is, therefore, futile") (citing *Bank*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

Accordingly, it is respectfully RECOMMENDED, that:

1. Plaintiff's claims be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2) for failure to state a claim and for failure to prosecute and to follow orders of the Court.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 27th day of February, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.